THOMAS S. MORGAN *v.* HENRY WOOD.

**Witnesses—Instruction.**

 A party producing a witness is not allowed to impeach him by evidence of bad character unless in a case where it was indispensable that the party should produce him, but he may contradict him by other evidence and show that he has made statements different from his present testimony.

**Credibility.**

 It is error for the court to charge the jury that they should discredit such witnesses as are without general moral character as shown in the evidence, except where they are corroborated by other evidence.

APPEAL FROM DAVIESS CIRCUIT COURT.

October 20, 1876.

Opinion by Judge Lindsay:

The party producing a witness is not allowed to impeach his credit by evidence of bad character, unless it is in a case in which it was indispensable that the party should produce him; but he may contradict him by other evidence, and by showing that he had made statements different from his present testimony. Sec. 660, Civil Code of Practice.

The appellee produced as a witness his adversary, Morgan, to prove that he had written a letter relied on as evidence in this case. It was not indispensably necessary, nor even apparently necessary that he should have been produced, for that or any other purpose. Yet after he had testified in his own behalf, the appellee was allowed, in the face of the statute, and over appellant's objections, to attack his character. This was manifest error.

On appellee's motion the court instructed the jury that they were the judge of the credit to be given the several witnesses, and that they should discredit such as were without general moral character, as shown in the evidence, except so far as such witnesses may stand corroborated by other evidence. This is not the law; the jury may, but is not obliged to, reject the testimony of a witness of bad moral character. The jurors may believe the uncorroborated statements of such a witness, and if they do, they have the right to act upon that belief, and the court has no power to take that right away from them.

For these two errors a new trial should have been granted. Judgment *reversed* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*L. P. Little, John H. McHenry, for appellant.*
*Owen & Ellis, for appellee.*